### Daphne Saunders Plaintiff vs. BF Pines City Center, LLC Defendant

**Broward County Case Number:** CACE21001195
**State Reporting Number:** 062021CA001195AXXXCE
**Court Type:** Civil
**Case Type:** Other - Discrimination Employment or Other
**Incident Date:** N/A
**Filing Date:** 01/15/2021
**Court Location:** Central Courthouse
**Case Status:** Pending
**Magistrate Id / Name:** N/A
**Judge ID / Name:** 03 Lopane, Nicholas

### − Party(ies)

Total: 2

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address ★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Saunders, Daphne** | | ★ Georges-Pierre, Anthony Maximillien Retained Bar ID: 533637 Remer & Georges-Pierre, PLLC 44 West Flagler Street, Suite 2200 Miami, FL 33130 **Status: Active** |
| | | | Horowitz, Max Lloyd Retained Bar ID: 118269 Remer & Georges-Pierre PLLC 44 West Flagler Street Suite 2200 Miami, FL 33130 **Status: Active** |
| Defendant | **BF Pines City Center, LLC** | | |

### − Disposition(s)

Total: 0

| Date | Statistical Closure(s) |
|---|---|
| | |

**EXHIBIT "A"**

| Date | Disposition(s) | View | Page(s) |
|------|----------------|------|---------|
|      |                |      |         |

## Event(s) & Document(s)

Total: 6

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 03/05/2021 | **Motion to Compel** | ARBITRATION AND STAY CASE PENDING ARBITRATION<br>Party: *Defendant* BF Pines City Center, LLC | 📄 | 12 |
| 02/15/2021 | **Summons Returned Served** | on the 12th day of February, 2021<br>Party: *Defendant* BF Pines City Center, LLC | 📄 | 1 |
| 01/20/2021 | **eSummons Issuance** | BF PINES CITY CENTER, LLC. d/b/a BURGERFI | 📄 | 1 |
| 01/20/2021 | **Search for prior case performed per 2020-4-Civ-UFC-CO** | None | 📄 | 1 |
| 01/15/2021 | **Civil Cover Sheet** | Amount: $100,001.00 | 📄 | 3 |
| 01/15/2021 | **Complaint (eFiled)** | Party: *Plaintiff* Saunders, Daphne | 📄 | 13 |

## Hearing(s)

Total: 0

**There is no Disposition information available for this case.**

## Related Case(s)

Total: 0

**There is no related case information available for this case.**

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

DAPHNE SAUNDERS,                                    CASE NO.: _____

      Plaintiff,

vs.

BF PINES CITY CENTER, LLC,
d/b/a BURGERFI,
A Florida Limited Liability Company,

      Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, DAPHNE SAUNDERS ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, BF PINES CITY CENTER, LLC d/b/a BURGERFI ("Defendant"), and in support avers as follows:

1. This is an action for declaratory and injunctive relief exceeding $30,000 excluding attorney's fees and costs pursuant to; (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"), (2) The Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, *et seq.* ("FCRA"), and (3) Section 440.205, Florida Statutes, ("Workers' Compensation Law"), to redress injuries resulting from Defendant's unlawful discriminatory treatment of and retaliation against Plaintiff on the basis of her race, color, national origin, and disability.

2. At all times material hereto, Plaintiff was, and still is, a resident of Broward County, Florida.

1

3. Defendant is a Florida Limited Liability Corporation with its primary place of business and headquarters in North Palm Beach, Florida, and which conducts business, and is authorized to conduct business, in Broward County, Florida.

4. Venue is proper in Broward County, Florida because all of the actions that form the basis of this Complaint occurred within Broward County, Florida and payment was due in Broward County, Florida.

5. Declaratory, injunctive, legal and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

6. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. Plaintiff is a Black Haitian individual and within a class of individuals protected by Title VII, The FCRA, and § 440.205.

8. Plaintiff began working for Defendant on or about September 11, 2019 as a manager/supervisor whose compensation was on an hourly basis.

9. On or about March 2020, Dante Reveyoso (white, Hispanic) ("Reveyoso") became Plaintiff's supervisor. Reveyoso was not Plaintiff's supervisor when Plaintiff was hired.

10. Throughout Plaintiff's employment, Reveyoso engaged in intentional discriminatory conduct including but not limited to; (1) calling the Plaintiff a liar, (2) subjecting the Plaintiff to lowered employment hours and availability, and (3) subjecting the Plaintiff to undesirable work schedules, and (4) being harassed about hand sanitizer. Similarly situated, non-Black drivers were not subject to such treatment. Defendant, by not remedying this conduct, thereby ratified such conduct.

11. On or about March 27, 2020 Plaintiff contracted COVID-19 and was out of work for approximately four (4) months.

12. Plaintiff returned to work on or about July 29, 2020.

13. After returning to work the Plaintiff requested to have her regular work schedule but Reveyoso denied this request. Instead Reveyoso gave Plaintiff undesirable work shifts and reduced Plaintiff's schedule to three (3) days.

14. The Plaintiff complained of unfair and discriminatory treatment to Tracy Copeland (white American) on various occasions.

15. On or about August 19, 2020, Reveyoso accused Plaintiff of lying to him and harassed Plaintiff about hand sanitizer.

16. The Plaintiff subsequently suffered a hand injury and a burn as a result of an employment accident on or about August 19, 2020.

17. Plaintiff's hand condition constitutes a qualified disability under Title VII and the FCRA.

18. Plaintiff's hand condition substantially limits one or more of Plaintiff's major life activities.

19. Plaintiff reported her injury to Reveyoso on or about August 19, 2020.

20. Plaintiff went to the hospital shortly thereafter due to the injuries she sustained.

21. The doctors at the hospital recommended Plaintiff not work for five (5) days or at least until the swelling in Plaintiff's hand subsided.

22. When the Plaintiff returned to work on or about August 25, 2020, while not being fully recovered from her hand injury, she requested Reveyoso provide her light duty work, but the Reveyoso called the Plaintiff a liar and terminated Plaintiff's employment on the spot.

23. Plaintiff was terminated from employment by Defendant on or about August 25, 2020, in retaliation of Plaintiff's Workers' Compensation coverage, and as retaliation of Plaintiff's

exercise of her rights under her protected class, and because of Plaintiff's race, color, national origin.

24. Any reason proffered by Defendant for the conduct described above is mere pretext for unlawful discrimination and retaliation.

25. Throughout her employment Plaintiff was able to perform the essential functions of her job duties and responsibilities, and at all relevant times did perform her job at satisfactory or above-satisfactory levels.

## COUNT I
### *Race, Color and National Origin Discrimination in Violation of Title VII*

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

27. Plaintiff is a member of a protected class under Title VII.

28. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff' race and subjected Plaintiff to animosity based on race, national origin, and color.

29. Such discrimination was based upon the Plaintiff' race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black, Haitian American.

30. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

31. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with Defendant.

32. Defendant retained all employees who exhibited discriminatory conduct toward Plaintiff

and did so despite the knowledge of said employees engaging in discriminatory actions.

33. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered economic harm and damages as a result of her employment termination.

34. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiff, deprived Plaintiff of statutory rights under federal law.

35. The actions of Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to Plaintiff' statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

36. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiff' rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for

5

mental anguish, personal suffering, and loss of enjoyment of life;

d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f.  Grant such additional relief as the Court deems just and proper.

## COUNT II
### Retaliation in Violation of Title VII

37. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

38. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under Title VII.

39. Defendant's conduct complained of herein was willful and in disregard of Plaintiff' protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

40. As a result of Defendant's actions, as alleged herein, Plaintiff have been deprived of rights, have been exposed to ridicule and embarrassment, and they have suffered emotional distress and damage.

41. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiff, deprived Plaintiff of statutory rights under federal law.

42. The actions of Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to Plaintiff' statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the

Defendant for its actions and to deter it, and others, from such action in the future.

43. Plaintiff have suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendants:

    a.  Adjudge and decree that Defendants have violated Title VII, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b.  Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c.  Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d.  Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

    e.  Award Plaintiff the costs of this action, together with reasonable attorney fees; and

    f.  Grant such additional relief as the Court deems just and proper.

## COUNT III
### Retaliatory Discharge Under § 440.205, Florida Statutes

44. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

45. Section 440.205, of the Florida Statues provides a cause of action for any employee who has been the object of a retaliatory personnel action for having filed a valid claim for

compensation under the Workers' Compensation Law.

46. As mentioned above, Plaintiff filed a valid claim for compensation under the Workers' Compensation Law.

47. Defendant violated the Workers' Compensation Law by taking retaliatory personnel actions against Plaintiff due to her having filed a valid claim for compensation under the Worker's Compensation Law, as has been more thoroughly described in the general allegations section of this Complaint.

48. Defendant and its agents, employees, supervisors, managers, partners, officers and/or directors actively and knowingly participated in the retaliatory personnel actions against Plaintiff, culminating in Plaintiff's discharge, having actual knowledge and/or constructive knowledge of the wrongfulness of their conduct and the high probability that injury or damage to Plaintiff would result, and/or acted with such reckless disregard or absence of reasonable care as to constitute a conscious disregard or indifference to the rights of Plaintiff, and/or acted with such gross negligence that they contributed to Plaintiff's damages, injuries and losses.

49. As a consequence of these actions, Plaintiff has suffered damages including loss of income, lost wages and benefits, damage to reputation, standing in her profession and community, emotional distress damages, and other damages which have yet to be determined.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a.  Adjudge and decree that Defendant has violated the Workers' Compensation Law, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay,

benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c.   Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.   Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.   Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## <u>COUNT IV</u>
### *Discrimination Based On Race, Color, and National Origin In Violation Of The FCRA*

50. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

51. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon racial classifications, considerations, or race-based reasons.

52. The Plaintiff possessed the requisite qualifications and skills to perform the position for the Defendant employer.

53. The Plaintiff was subjected to disparate treatment in the workplace, in that a similarly situated non-black, non-Haitian, employees were allowed opportunities not given to Plaintiff due to Plaintiff's race, national origin, and color.

54. As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses.

55. Moreover, as a further result of the Defendant's unlawful discriminatory-based conduct, the Plaintiff has been compelled to file this action and she has incurred the costs of litigation.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

B. Award Plaintiff as to this count prejudgment interest; and

C. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

D. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

E. Plaintiff demands a trial by jury.

## COUNT V
### *Retaliation In Violation Of The FCRA*

56. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

57. The FCRA contains an anti-retaliation provision, forbidding employees from retaliating, or from taking adverse personnel action against, those employees who exercise their lawful and protected rights under the Florida Civil Rights Act.

58. The FCRA, Fla. Stat. Section 760.10(7), reads in applicable part, as follows:

It is an unlawful employment practice for an employer, an employment agency, a joint labor management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section.

59. The Plaintiff had complained of Defendant's unfair, unequal and discriminatory treatment of the Plaintiff.

60. The Plaintiff has filed a charge of employment discrimination.

61. By the complaints and the subsequent filing of the charge of discrimination, Plaintiff has a reasonable belief that the Defendant had engaged in unlawful conduct, in violation of the FCRA, when Plaintiff alleged that the employer had for the unsubstantiated and pre-textual reasons terminated Plaintiff.

62. Plaintiff's termination constituted discriminatory and retaliatory conduct, and such conduct, knowingly and intentionally perpetrated by the Defendant employer, violated the anti-retaliation provision of the FCRA.

63. As a result of the Defendant's retaliatory conduct, the Plaintiff has been compelled to file this action and she has incurred costs.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant, find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

11

A.  Award the Plaintiff actual damages, including appropriate amounts of back pay, front

pay, and lost benefits; and

B.  Award Plaintiff as to this count prejudgment interest; and

C.  Award Plaintiff damages for the amount of the costs of litigation and filing including

attorney's fees; and

D.  Grant such other and further equitable relief as this court deems equitable and  just and/or

available pursuant to Law.

## JURY DEMAND

Plaintiff demand trial by jury of all issues triable as of right by jury.

Dated: January 15, 2021                          Respectfully submitted,

<u>/s/ Max L. Horowitz</u>
**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
agp@rgpattorneys.com
**Max L. Horowitz, Esq.**
Florida Bar No.: 118269
mhorowitz@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN
## AND FOR BROWARD COUNTY, FLORIDA

Case No: _CACE-21-001195_

_Daphne Saunders_

Plaintiff

Judge Division: _03_

VS

_BF Pines City Center LLC_

Defendant

F I L E D
JAN 20 2021
By _____

### CLERK'S CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Administrative Order, No. 2020–73–Civ/ 2020–74–UFC:

**"ADMINISTRATIVE ORDER DIRECTING CLERK OF COURTS WITH REGARD TO DISMISSED CIVIL OR FAMILY CASES",**

The Clerk has conducted a search for all previous existing civil cases related to these two parties.

Listed below are all the aforementioned related cases:   _NONE_

Brenda D. Forman
Circuit and County Courts

By: _____

Deputy Clerk

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

DAPHNE SAUNDERS,                                    CASE NO.: _____

      Plaintiff,

vs.

BF PINES CITY CENTER, LLC,
d/b/a BURGERFI,
A Florida Limited Liability Company,

      Defendant
_____/

## SUMMONS IN A CIVIL CASE

**TO:** BF PINES CITY CENTER, LLC d/b/a BURGERFI, through its Registered Agent:

      BURGERFI INTERNATIONAL, LLC
      105 U.S. HIGHWAY 1
      NORTH PALM BEACH, FL 33408

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

      ANTHONY M. GEORGES-PIERRE, ESQ.
      REMER & GEORGES-PIERRE, PLLC.
      44 WEST FLAGLER STREET
      SUITE 2200
      MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                                        DATE

_____
(BY) DEPUTY CLERK

13

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: <u>CACE-21-001195</u>

DAPHNE SAUNDERS,

      Plaintiff,

vs.

BF PINES CITY CENTER, LLC,
d/b/a BURGERFI,
A Florida Limited Liability Company,

      Defendant.
_____/

### SUMMONS IN A CIVIL CASE

TO: BF PINES CITY CENTER, LLC. d/b/a BURGERFI, through its Registered Agent:

        BURGERFI International, LLC.
        105 U.S. Highway 1
        North Palm Beach, FL 33408

**YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S
ATTORNEY**

        **Anthony M. Georges-Pierre, Esq.**
        **REMER & GEORGES-PIERRE, PLLC**
        **COURTHOUSE TOWER**
        **44 West Flagler Street, Suite 2200**
        **Miami, FL 33130**

an answer to the complaint which is herewith served upon you, within **21 days** after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

                                        JAN 21 2021

_____            _____

CLERK                                  DATE

_____

(BY) DEPUTY CLERK

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 01/20/2021 10:39:22 AM.****
BRENDA D. FORMAN

## RETURN OF SERVICE

**State of Florida**                   **County of BROWARD**                   **Circuit Court**

Case Number: CACE-21-001195

Plaintiff:
**DAPHNE SAUNDERS**

vs.



ROD2021000038

Defendant:
**BF PINES CITY CENTER, LLC,**
**d/b/a BURGERFI,**
**A Florida Limited Liability Company,**

For:
ANTHONY GEORGES-PIERRE
REMER & GEORGES-PIERRE PLLC
44 WEST FLAGLER
SUITE 2200
MIAMI, FL 33130

Received by Due Process, LLC on the 21st day of January, 2021 at 9:35 pm to be served on **BF PINES CITY CENTER, LLC. D//B/A BURGERFI, THROUGH ITS REGISTERED AGENT BURGERFI INTERNATIONAL LLC, 105 US HIGHWAY 1, NORTH PALM BEACH, FL 33408**.

I, DENISE SUCATO, do hereby affirm that on the **12th day of February, 2021** at **11:45 am, I:**

served a **CORPORATION** by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **ROSS GOLDSTEIN** as **CHIEF LEGAL OFFICER** for **BF PINES CITY CENTER, LLC. D//B/A BURGERFI, THROUGH ITS REGISTERED AGENT**, at the address of: **105 US HIGHWAY 1, NORTH PALM BEACH, FL 33408**, and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
2/12/2021  11:55 am  Ross Goldstein chief legal officer 47 white Male 5'9 160lbs brown hair no glasses

*I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under the perjury, I declare that I have read the foregoing document and the facts in it are true. NO NOTARY REQUIRED PURSUANT TO F.S.92.525(2)*

_DENISE SUCATO_

**DENISE SUCATO**
CPS #674

**Due Process, LLC**
**44 W FLAGLER**
**SUITE 2200**
**MIAMI, FL 33130**
**(305) 490-4346**

Our Job Serial Number: ROD-2021000038

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1p

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

Case No. CACE-21-001195

DAPHNE SAUNDERS,

        Plaintiff,

v.

BF PINES CITY CENTER, LLC,

        Defendant.

_____/

## DEFENDANT'S MOTION TO COMPEL ARBITRATION
## AND STAY CASE PENDING ARBITRATION

    Defendant, BF PINES CITY CENTER, LLC hereby moves to compel arbitration and stay

this case pending arbitration and the following in support of this Motion:

### Background Information

    1.    On January 15, 2020, Plaintiff, Daphne Saunders, filed a Complaint against BF

PINES CITY CENTER, LLC claiming she was subjected to race , color, and national origin

discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII")

and the Florida Civil Rights Act ("FCRA") and retaliatorily discharged in violation of section

440.205, Florida Statutes.

    2.    Plaintiff's claims are subject to arbitration.  More specifically, during her hiring

process, on September 6, 2014, Plaintiff voluntarily agreed to submit any and all disputes arising

from her employment to binding arbitration, pursuant to BurgerFi's Arbitration and Waiver of

Class Action and Jury Trial Agreement (the "Arbitration Agreement"). The Arbitration Agreement

signed by Plaintiff on September 5, 2014 is attached hereto as **Exhibit A**.

<u>**Memorandum of Law**</u>

**A.    Agreements to Arbitrate Are Favored by Applicable Law and Policy**

The FAA creates a strong policy in favor of arbitration and establishes "'a body of substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act.'" *Perry v. Thomas*, 482 U.S. 483, 489 (1987). With respect to the validity, irrevocability, and enforcement of arbitration agreements, the FAA provides that:

> A written provision in any . . . *contract evidencing a transaction involving commerce* to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or equity for the revocation of any contract.

9 U.S.C. § 2 (emphasis added).

The United States Supreme Court mandates that, under the FAA, "agreements to arbitrate must be enforced." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985); *see Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) (stating that "courts must 'rigorously enforce' arbitration agreements according to their terms,... and 'the rules under which that arbitration will be conducted'" (quoting *Volt Inform. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989); *Byrd*, 470 U. S. at 221)). It is well-settled that agreements to arbitrate claims in the employment context, including discrimination claims, are valid and enforceable. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 123 (2001) ("We have been clear in rejecting the supposition that the advantages of the arbitration process somehow disappear when transferred to the employment context. Arbitration agreements allow parties to avoid the costs of litigation, a benefit that may be of particular importance in employment litigation, which often involves smaller sums of money than disputes concerning commercial contracts." (internal

citation omitted)); see, e.g., *Booth v. S. Wine & Spirits of Am., Inc.*, No. 14-22357-CIV-GOODMAN, 2014 U.S. Dist. LEXIS 154512, at *10 (S.D. Fla. Oct. 31, 2014) (compelling arbitration of employment claim).

In Florida, public policy "favors arbitration because it is efficient and avoids the time delay and expense associated with litigation." *Regency Group, Inc. v. McDaniels*, 647 So. 2d 192, 193 (Fla. 1st DCA 1994); *accord Turnberry Assocs. v. Serv. Station Aid*, 651 So. 2d 1173, 1175 (Fla. 1995) ("'[A]rbitration is a favored means of dispute resolution and courts [should] indulge every reasonable presumption to uphold proceedings resulting in an award.'"); *Soares Da Costa Constr. Servs., LLC v. Alta Mar Dev., LLC*, 85 So. 3d 1172, 1174 (Fla. 2d DCA 2012) (same). When parties to a lawsuit have entered into an agreement to arbitrate, either party may move to enforce that agreement and compel arbitration pursuant to its terms. Fla. Stat. § 682.03(1).

Under the Florida Arbitration Code, the courts consider three factors when deciding whether to compel arbitration; whether: (1) a valid arbitration provision exists, (2) there is an arbitral issue, (3) and the right to arbitrate has been waived. *Raymond James Fin. Servs., Inc. v. Saldukas*, 896 So. 2d 707, 711 (Fla. 2005)). In assessing the propriety of arbitration, the court is statutorily limited to determining whether an arbitration agreement exists; and if so, to enforcing it according to its terms. *See* 9 U.S.C. § 4.

Because of the public policy favoring arbitration, "[a]ll doubts regarding the scope of an arbitration agreement must be resolved in favor of arbitration." *Murphy v. Courtesy Ford, L.L.C.*, 944 So. 2d 1131, 1133 (Fla. 3d DCA 2006); *see also Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1264 (11th Cir. 2017) (quoting *Moses H. Cone Mem'l. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)); *Hirshenson v. Spaccio*, 800 S. 2d 670, 674 (Fla. 5th DCA 2001) (same). All three of the *Saldukas* factors exist here, thereby warranting arbitration.

3

## B.      Plaintiff Has Agreed to Arbitrate Her Claims Against Defendant

The first task faced by a court being asked to compel arbitration is "to determine whether the parties agreed to arbitrate the dispute." *Klay v. Pacificare Health Sys., Inc.*, 389 F.3d 1191, 1200 (11th Cir. 2004) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)). The question of "arbitrability" is an issue for judicial determination. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002). In determining which claims are arbitrable, the court must look to the parties' intent and give full effect to all contractual provisions. *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 682 (2010) ("Whether enforcing an agreement to arbitrate or construing an arbitration clause, courts and arbitrators must give effect to the contractual rights and expectations of the parties." (internal quotations omitted)); *Inetianbor v. CashCall, Inc.*, 768 F.3d 1346, 1353 (11th Cir. 2014) ("We must interpret the agreement by reading the words of the contract in the context of the entire contract and construing the contract to effectuate the parties' intent." (internal quotations omitted)).

The FAA's provisions are mandatory. That is, if a court finds that the making of the agreement or the failure to arbitrate are not at issue, "the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4; *2002 Irrevocable Tr. For Hvizdak v. Shenzhen Dev. Bank*, No. 2:08-cv-556-FtM-36DNF, 2010 U.S. Dist. LEXIS 149783, at *3 (M.D. Fla. Mar. 18, 2010) ("The FAA requires the Court to compel arbitration of issues covered by the arbitration agreement." (citing *Chastain v. Robinson-Humphrey Co.*, 957 F.2d 851, 853 (11th Cir. 1992) ("[A] district court must compel arbitration if the parties have agreed to arbitrate their dispute"))). Courts have repeatedly held that, if an arbitration agreement exists, "[by] its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to

proceed to arbitration on issues as to which an arbitration agreement has been signed." *Byrd*, 470 U.S. at 218 (emphasis in the original) (citing 9 U.S.C. §§ 3, 4).

In deciding whether to compel arbitration, the court must also address two "gateway" issues: (1) whether a valid agreement to arbitrate exists; and, if so, (2) whether the subject matter of the dispute falls within the scope of the agreement. *See Howsam*, 537 U.S. at 83–84; *Rivera v. United Healthcare Servs.*, No. 8:17-cv-1409-T-33TBM, 2018 U.S. Dist. LEXIS 14919, at *3 (M.D. Fla. Jan. 30, 2018) (same).

### 1.    Defendant's Arbitration Agreement Is Enforceable and Valid

To determine whether the parties have entered into a valid agreement to arbitrate a dispute, the agreement must be examined under Florida law regarding contract formation. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *see Tranchant v. Ritz Carlton Hotel Co., LLC*, No. 2:10-cv-233-FtM-29DNF, 2011 U.S. Dist. LEXIS 35099, at *7 (M.D. Fla. Mar. 31, 2011) ("When deciding whether the parties have agreed to arbitrate certain matters, courts apply ordinary state-law principles that govern the formation of contracts.").

Under Florida law, the formation of an enforceable contract requires an offer, acceptance, consideration, and sufficient specification of terms so that the obligations involved can be ascertained. *West Const., Inc. v. Fla. Backtop, Inc.* 88 So. 3d 301, 304 (Fla. 4th DCA 2012). In this case, it is undisputed an enforceable contract existed as soon as Plaintiff accepted the terms of the Arbitration Agreement: (1) Plaintiff signed the Arbitration Agreement on September 6, 2014; (2) consideration was given to Plaintiff in exchange for agreeing to the terms of the Arbitration Agreement[1]; and (3) the terms of the Arbitration Agreement are clear and unequivocal. (*See*

---

[1] The consideration provided to Plaintiff was two-fold. First, because the Arbitration Agreement was a mutual agreement to arbitrate, Defendant also gave up its right to pursue claims against Plaintiff in front of a court/jury. Second, in consideration for signing the agreement, Plaintiff was provided employment. *Coastal Unilube, Inc. v. Smith*, 598 So. 2d 200, 201 (Fla. 4th DCA 1992)

Exhibit A). This unequivocally documents Plaintiff's and Defendant's mutual agreement to arbitrate any covered claims each may have against the other.  It is undisputed the Arbitration Agreement is valid and enforceable under the FAA.

**2.     Defendant's Arbitration Agreement Covers the Subject Matter of This Dispute**

Likewise, there is no dispute that Plaintiff's discrimination and retaliation claims raised in this lawsuit are covered by the terms of the Arbitration Agreement.  The Arbitration Agreement specifically states:  "any disputes or claims of any kind or nature, including as to arbitrability under this Agreement, between you and the Company or any … related entities … arising out of, related to, or in connection with any aspect of your employment with the Company or its termination, including for alleged discrimination, harassment, or retaliation in violation of Title VII of the Civil Rights Act of 1964 .. or any other federal, state or local law, will be settled by final and binding arbitration." *See* Exhibit A.   In the Complaint, Plaintiff has raised claims of race, color, and national discrimination under Title VII (Count I), retaliation under Title VII (Count II), retaliatory discharge under section 440.205, Florida Statutes (Count III), race, color, and national discrimination under the FCRA (Count IV), and retaliation under the FCRA (Count V), which are all arbitrable and specifically subject to arbitration by the terms of the Arbitration Agreement. Plaintiff's agreement to arbitrate her claims should therefore be enforced.

There is clearly an "arbitral issue" (i.e., an issue that the parties intended to subject to arbitration) involved. *See Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999).  Whether

_____

("Florida Courts have held continued employment constitutes adequate consideration to support a contract" (internal citations omitted)); *see also Knight v. Palm City Millwork & Supply Co.*, 78 F. Supp. 2d 1345, 1347 (S.D. Fla. 1999) ("In Florida, . . . where a plaintiff is offered employment, accepts that offer, and gives adequate consideration in the form of his labor, an enforceable contract is formed . . . .").

an issue is arbitral depends on the construction of the agreement. See id. The language of the Arbitration Agreement encompasses Plaintiff's claims.

### 3.    Defendant's Arbitration Agreement is not Unconscionable.

In order to find an agreement unconscionable, and therefore invalidate an arbitration clause under Florida law, "the court must find that the contract is both procedurally and substantively unconscionable." *Chapman v. King Motor Co. of S. Fla.*, 833 So. 2d 820 (Fla. 4th DCA 2002); *Zephyr Haven Health & Rehab Ctr., Inc., v. Hardin*, 22 So. 3d 916, 920 (Fla. 2d DCA 2013) (citations omitted). "Procedural unconscionability concerns the manner in which the contract is entered, whereas substantive unconscionability looks to whether the contractual terms are unreasonable and unfair." *Fonte v. AT&T Wireless Servs., Inc.*, 903 So. 2d 1019, 1025 (Fla. 4th DCA 2005) (citations omitted).   There is no issue with regard to the manner in which the Arbitration Agreement was entered into. The Arbitration Agreement is not "so 'outrageously unfair' as to 'shock the judicial conscience'" such that it would be unconscionable. *See Gainesville Health Care Ctr., Inc. v. Weston*, 857 So. 2d 278, 284–85 (Fla. 1st DCA 2003). Thus, the Arbitration Agreement is not unconscionable.

Plaintiff may claim that there was a disparity in bargaining power, however, such a disparity is common in these types of relationships and is insufficient to hold an arbitration agreement unenforceable. *Caley v. Gulfstream Aero. Corp.*, 428 F.3d 1359, 1377 (11th Cir. 2005) (holding that inequality in bargaining power between employer and employee is insufficient to hold the arbitration agreement unenforceable). Moreover, Plaintiff cannot avoid the effect of the Agreement by arguing that she did not read or understand it, or that its application disfavors her. "A party to a contract is not permitted to avoid the consequences of a contract freely entered into simply because he or she elected not to read and understand its terms before executing it, or

because, in retrospect, the bargain turns out to be disadvantageous." *Brea Sarasota, LLC v. Bickel*, 95 So. 3d 1015, 1017 (Fla. 2d DCA 2012) (quotations omitted).

Next, the Arbitration Agreement provides the rules and procedures for arbitration. If something is not specified, the parties have expressly agreed that "this Agreement will be governed by the provisions of the Federal Arbitration Act". Exhibit A, p. 1. The parties have also agreed that "[t]he arbitration will be administered by the American Arbitration Association ("AAA") under its Employment Arbitration Rules and Mediation Procedures." *Id.* The AAA Employment Arbitration Rules and Mediation Procedures provide Plaintiff with ample safeguards throughout the arbitration proceedings. Defendant has advised Plaintiff's counsel that Plaintiff only has to pay the AAA filing fee. This fee does not to exceed the fee that Plaintiff would otherwise pay to file a lawsuit asserting the same claims in court. Defendant has agreed to pay all other fees and costs. Thus, this is not a case where Plaintiff is required to pay exorbitant fees to arbitrate. *See, Green Tree Fin. Corporation-Alabama v. Randolph*, 531 U.S. 79 (2000) (the existent of sizeable arbitration costs a litigant could face may preclude a litigating from effectively vindicating their federal statutory rights in the arbitral forum therefore invalidating an arbitration agreement).

There is no question that Defendant has not waived its right to arbitration because it has not "actively participate[d] in [this] lawsuit." *Thomas*, 898 So. 2d at 162; *see Raymond James Fin. Servs. v. Saldukas*, 896 So. 2d 707, 711 (Fla. 2005) ("[A] party's contract rights may be waived by actually participating in a lawsuit or taking action inconsistent with that right."). This Motion is Defendant's first appearance in this proceeding. Moreover, "[a]ll questions about waiver of arbitration should be construed in favor of arbitration rather than against it." Thomas, 898 So. 2d at 162.

Finally, the FAA provides that the court shall "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.

## C.      Conclusion

For all of the foregoing reasons, Defendant respectfully requests that the Court compel Plaintiff to honor her agreement to arbitrate her claims and stay this action pending completion of the arbitration.

WHEREFORE, BF PINES CITY CENTER, LLC, respectfully requests that this Court grant its Motion to Compel Arbitration and Stay Case Pending Arbitration.

Respectfully submitted this 5th day of March, 2021.

By: /s/ Elizabeth M. Rodriguez
    Elizabeth M. Rodriguez
    Florida Bar No. 821690
    erodriguez@fordharrison.com
    Ford & Harrison, LLP
    1 SE 3rd Avenue, Suite 2130
    Miami, FL 33131
    Telephone:  (305) 808-2143
    Facsimile:   (305) 808-2101
    Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 5th day of March, 2021, a true and correct copy of the foregoing has been filed using the Florida Courts e-Filing Portal system which electronically provided copies to the following service addresses:

*/s/ Elizabeth M. Rodriguez*
Attorney for Defendant

## SERVICE LIST

Anthony M. Georges-Pierre, Esq.
Email:  agp@rgpattorneys.com
Max L. Horowitz, Esq.
Email:  mhorowitz@rgpattorneys.com
Remer & Georges-Pierre, PLLC
44 W. Flagler Street
Suite 2200
Miami, FL 33130
Telephone:  305-416-5000
Facsimile:  305-416-5005

WSACTIVELLP:12110324.1

## ARBITRATION AND WAIVER OF CLASS ACTION
## AND JURY TRIAL AGREEMENT

CONNECTION WITH ANY ASPECT OF YOUR EMPLOYMENT WITH AND SEPARATION FROM THE COMPANY. THE PARTIES AGREE THAT ANY CLAIM BY OR AGAINST YOU OR THE COMPANY WILL BE HEARD WITHOUT CONSOLIDATION OF SUCH CLAIM WITH ANY OTHER PERSON'S OR ENTITY'S CLAIM.

3.      **Mandatory Selection Forum and Jury Trial Waiver.** While it is the intention of the parties that the arbitration provision herein be fully enforced, to the extent any judicial action is required in aid of arbitration or otherwise, the parties agree that such action will be brought exclusively in the federal or state court which is closest to the site at which you are or were employed by the Company and which has jurisdiction over the matter. BOTH YOU AND THE COMPANY EXPRESSLY AGREE TO WAIVE ANY RIGHT TO SEEK OR DEMAND A JURY TRIAL.

4.      **Governing Law.** Subject to the arbitration provision above and to applicable law, this Agreement will be construed, interpreted, and applied in accordance with the laws of the State of Florida, without regard to principles of conflicts of laws or giving effect to the choice-of-law provisions thereof or any other jurisdiction.

5.      **At Will Employment.** This Agreement does not guarantee continuation of employment for any period after the date it is signed; your employment remains at will, and both you and the Company each reserve the right to terminate your employment at any time for any or no reason.

AGREED to and ACCEPTED by:

_____
Printed Name

_____          09/06/2014
Signature                                    Date

BURGERFI

By: _____          09/06/2014
Name: Tawn Holcomb                          Date
Title: Assistant Manager

EXHIBIT "A"

## SOCIAL MEDIA POLICY

At BurgerFi, we understand that social media can be a fun and rewarding way to share your life and opinions with family, friends and co-workers around the world. However, use of social media also presents certain risks and carries with it certain responsibilities. To assist you in making responsible decisions about your use of social media, we have established these guidelines for appropriate use of social media.

This policy applies to all employees who work for BurgerFi, or one of its affiliate or subsidiary companies.

## GUIDELINES

In the rapidly expanding world of electronic communication, *social media* can mean many things. *Social media* includes all means of communicating or posting information or content of any sort on the Internet, including to your own or someone else's web log or blog, journal or diary, personal web site, social networking or affinity web site, web bulletin board or a chat room, whether or not associated or affiliated with BurgerFi, as well as any other form of electronic communication. Ultimately, you are solely responsible for what you post online. Any online content you create, that negatively reflects upon BurgerFi brand, its franchisees, your supervisors, coworkers, customers, vendors, sponsors, or others associated with BurgerFi may result in disciplinary action up leading up to and including termination.

## KNOW AND FOLLOW THE RULES

Carefully read these guidelines, the Employee Handbook, the COMPUTER AND EMAIL USAGE policy and the WORKPLACE HARASSMENT, DISCRIMINATION AND RETALIATION policy and ensure your postings are consistent with these policies. Inappropriate postings that may include discriminatory remarks, harassment, and threats of violence or similar inappropriate or unlawful conduct will not be tolerated and may subject you to disciplinary action up to and including termination.

## BE RESPECTFUL

Always be fair and courteous to fellow team members, customers, or people associated with BurgerFi. Also, keep in mind that you are more likely to resolve work-related complaints by speaking directly with your General Manager or Human Resources rather than by posting complaints to a social media outlet. Nevertheless, if you decide to post complaints or criticism, avoid using statements, photographs, video or audio that reasonably could be viewed as malicious, obscene, threatening, intimidating, disparaging, or that might constitute harassment or bullying. Examples of such conduct might include offensive posts meant to intentionally harm someone's reputation or posts that could contribute to a hostile work environment on the basis of race, sex, disability, religion or any other status protected by law or company policy.

## BE HONEST AND ACCURATE

Make sure you are always honest and accurate when posting information or news, and if you make a mistake, correct it quickly. Be open about any previous posts you have altered.  Remember that the Internet archives almost everything; therefore, even deleted postings can be searched. Never post any